IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL RODRIGUEZ,

    Plaintiff,

v.

OSCAR PADILLA,

    Defendant.

No. C 06-03412 JSW

**ORDER DENYING RENEWED APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE AND DISMISSING WITH LEAVE TO AMEND**

On May 25, 2006, Plaintiff Daniel Rodriguez ("Plaintiff") filed a complaint and an application to proceed *in forma pauperis*. Courts must deny *in forma pauperis* applications under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). On June 7, 2006, the Court denied Plaintiff' application without prejudice and dismissed his complaint with leave to amend.

On June 15, 2006, Plaintiff filed an amended complaint, captioned "Attempted Murder of Murder Amended Complaint," setting forth the same basic allegations contained in his initial complaint. Although Plaintiff's amended complaint is slightly more comprehensible than his initial complaint, it does not clearly forth the grounds upon which this Court has jurisdiction, nor does he set forth the nature of the relief that he seeks. Fed. R. Civ. P. 8(a). Liberally construed, however, it appears that Plaintiff may wish to assert a claim based upon 42 U.S.C. § 1983. A review of the amended complaint and the initial complaint demonstrate that the incident giving rise to these claims occurred in May 2003. Thus, the record discloses that any

such claim would be barred by the applicable limitations period, unless Plaintiff can demonstrate that the statute of limitations should be tolled. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (courts apply forum state's statute of limitations period for personal injury actions in action under 42 U.S.C. § 1983); *Ellis v. City of San Diego*, 176 F.3d 1183, 1188-89 (9th Cir. 1999) (Section 1983 borrows forum state's limitations period, including tolling provisions); Cal. Code Civ. P. § 335.1 (two year limitations period for assault, battery, or injury to a person based on wrongful conduct of another); Cal. Code Civ. P. § 352.1 (providing two year tolling period for persons "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life," at time cause of action accrued).

Because the face of Plaintiff's amended complaint does not set forth facts demonstrating that the statute of limitations should be tolled, the Court shall provide him with one further, and final, opportunity to amend his complaint. For these reasons, Plaintiff's renewed application to proceed *in forma pauperis* is HEREBY DENIED WITHOUT PREJUDICE and the Amended Complaint is DISMISSED WITH LEAVE TO AMEND.

If Plaintiff wishes to pursue this action, he must file a second amended complaint setting forth the basis for this Court's jurisdiction, a cognizable legal claim, and the relief that he seeks from this Court. Plaintiff must also complete a new application to proceed *in forma pauperis.* Plaintiff's second amended complaint and application to proceed *in forma pauperis* shall be due by July 7, 2006. If Plaintiff's second amended complaint fails to demonstrate that his claims are not barred by the statute of limitations, the Court shall dismiss this case with prejudice.

The Court again advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office.

**IT IS SO ORDERED.**

Dated: June 23, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE